# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BATRINA MARTIN,
               Appellant,

      v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
DC-752S-15-1086-I-2

DATE: September 26, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Batrina Martin, Chesapeake, Virginia, pro se.

Jennifer L. Taylor, Portsmouth, Virginia, for the agency.

Thomas J. Tangi, Jacksonville, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order,[2] we AFFIRM the initial decision.

Background

¶2     In this appeal, filed on August 11, 2015, the appellant, who is a Health System Specialist, GS-0671-09, challenged a proposed 3-day suspension[3] for failure to complete work assignments in a timely manner. She also alleged that the agency "unofficially demoted her," issued a letter of reprimand for failure to follow the proper leave-requesting procedures, engaged in favoritism, and discriminated against her based on color and disability. Initial Appeal File (IAF), Tabs 2-3. She further alleged that the agency retaliated against her for engaging in equal employment opportunity (EEO) and union activity. IAF, Tab 2 at 4-5. Because she stated that she also had filed a complaint with the Office of Special

---

[2] The administrative judge found that the appellant presented no proof that she had exhausted her administrative remedies with the Office of Special Counsel. Refiled Appeal File, Tab 16, Initial Decision at 3-5. We have modified the initial decision to acknowledge that she submitted newly available evidence regarding exhaustion and to reassess the jurisdictional issues. Additionally, we have modified the appeal rights from those given in the initial decision to reflect that this appeal does not fall within the Board's mixed-case jurisdiction. *Id.* at 11-13.

[3] The agency proposed the suspension on July 16, 2015, and imposed it on August 21, 2015. Initial Appeal File, Tab 3 at 3, 15. By the time that the appellant refiled the appeal, the suspension already had been imposed.

Counsel (OSC) on July 6, 2015, and 120 days had not yet elapsed,[4] she moved for the administrative judge to dismiss her appeal without prejudice, granting her the right to refile on or after November 3, 2015. IAF, Tab 8 at 3-6. The administrative judge issued an initial decision granting her motion. IAF, Tab 9.

¶3    The appellant refiled her appeal on November 13, 2015. Refiled Appeal File (RAF), Tab 1. After the parties submitted evidence and argument as to the jurisdictional issues, RAF, Tabs 14-15, the administrative judge dismissed the appeal for lack of jurisdiction, RAF, Tab 16, Initial Decision (ID) at 7. The administrative judge found that the personnel actions the appellant alleged, such as the 3-day suspension, letter of reprimand, and "unofficial demotion," did not fall within the Board's jurisdiction as adverse actions. ID at 3. The administrative judge issued no finding regarding the appellant's EEO claims because her allegations of discrimination and retaliation were not connected with otherwise appealable actions. ID at 1 n.1; *see Metzenbaum v. General Services Administration*, 83 M.S.P.R. 243, ¶ 8 (1999) (holding that the Board lacks jurisdiction to consider allegations of discrimination prohibited by 5 U.S.C. § 2302(b), absent an otherwise appealable action).

¶4    As for the appellant's whistleblower claim, the administrative judge concluded that she failed to make nonfrivolous allegations that would support a finding that the Board had jurisdiction over that matter as an individual right of action (IRA) appeal. ID at 3-7. The administrative judge found that the appellant had not shown she exhausted her administrative remedies before OSC because she had not presented any proof that she had filed a complaint with that agency, and,

---

[4] For the Board to consider whistleblowing allegations associated with an action that is not directly appealable, an appellant must first exhaust her remedy with OSC. She may do so by filing a complaint with OSC, and then by either receiving notification from that agency that it has terminated its investigation of her allegations, or by waiting for 120 calendar days to elapse between the filing of her complaint and the time that she seeks Board review. 5 U.S.C. § 1214(a)(3); *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 11 (2008).

assuming she had, she did not adequately describe what she alleged to have reported in her complaint. ID at 3-5. The administrative judge additionally noted that some of the personnel actions she asserted, including the 3-day suspension, took place after the date upon which she allegedly filed her complaint. ID at 5. The administrative judge further found that the appellant's allegations of having made a protected disclosure were vague and unsubstantiated. ID at 6-7. He also found that, even if she had nonfrivolously alleged that she engaged in whistleblowing activity, she failed to allege that any of her disclosures were contributing factors in the agency's personnel actions against her. ID at 7.

¶5 The appellant filed a petition for review. Petition for Review (PFR) File, Tabs 1-2. She explained that she received a March 8, 2016 close-out letter from OSC for File Number MA-15-4773 after the initial decision was issued, and "[t]herefore, the MSPB has jurisdiction to provide corrective action."[5] PFR File, Tab 1 at 4.

Jurisdictional Standard

¶6 To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before the OSC and make nonfrivolous allegations of the following: (1) she engaged in whistleblowing by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in other protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D);

---

[5] The appellant submitted two documents pertaining to her whistleblower complaint. PFR File, Tab 2. These documents are not in the record below. The first document, an email message dated July 6, 2015, shows that OSC received her electronic complaint that day and opened File Number MA-15-4773. *Id.* at 6-7. The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The email message predates the close of the record on February 4, 2016, *compare* PFR File, Tab 2 at 6, *with* RAF, Tab 13, and the appellant has not explained why she was unable to submit it before the record closed. It thus cannot be considered new evidence that would justify granting a petition for review. The second document is the OSC close-out letter, which meets the Board's definition of new evidence, and we address it below.

and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221; *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

New Evidence Regarding Exhaustion

¶7      The March 8, 2016 OSC close-out letter postdates the close of the record and meets the Board's definition of new evidence. PFR File, Tab 2 at 8; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Because the letter verifies that the appellant submitted an OSC complaint, we modify the initial decision to find that she submitted evidence on review establishing that she exhausted her administrative remedies for at least some of her alleged protected disclosures and personnel actions.

¶8      The OSC close-out letter states, in relevant part:

> You assert that you have suffered reprisal in the form of receiving a letter of caution, a letter of reprimand, a three day suspension, denial of advanced sick leave, an inaccurate rating and denial of awards for reporting that management has engaged in Prohibited Personnel Practices by allowing you to not be compensated. You also allege that officials at the Department of the Navy, committed one or more prohibited personnel practices in not classifying your position correctly as you state that you are responsible for doing eight different jobs.

PFR File, Tab 2 at 8. The letter indicates that the appellant exhausted her administrative remedies for "reporting that management has engaged in Prohibited Personnel Practices by allowing you to not be compensated." *Id.* Although the precise matters reported to OSC are unclear from this statement, it appears to encompass any disclosures the appellant alleged having made regarding inequities in her workload and pay, which are discussed in greater detail below. As for personnel actions, the letter indicates that the appellant exhausted her administrative remedy regarding the letter of caution, letter of

reprimand, 3-day suspension, denial of advanced sick leave, inaccurate rating, and denial of awards.[6] *Id.*

¶9        The appellant additionally asserted that the agency committed a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)(i) when it retaliated against her shortly after she reported to OSC that an unnamed agency official had "engaged in gross mismanagement, arbitrarily and capriciously exercised power, and adversely affected [her] rights" by treating another employee preferentially.  RAF, Tab 15 at 6; *see* 5 U.S.C. § 2302(b)(9)(A)(i) (making it a prohibited personnel practice "to take or fail to take, or threaten to take or fail to take, any personnel action against any employee . . . because of . . . the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . .  with regard to remedying a violation of [section 2302(b)(8)]").  The appellant alleged that the official suspended her for failing to complete an assignment when it was due, when another employee who had failed to timely complete the same assignment on 11 different occasions had not been disciplined.  RAF, Tab 15 at 7.  The appellant filed her OSC complaint on July 6, 2015, *id.* at 5; PFR File, Tab 2 at 6, and the agency proposed her suspension on July 16, 2015, IAF, Tab 3 at 15.  Although the close-out letter makes it clear that the appellant reported to OSC that she had been suspended in reprisal for her alleged disclosures protected by 5 U.S.C. § 2302(b)(8), the letter does not specifically address any complaint she may have made to OSC about reprisal for exercising any right to complain to OSC protected by 5 U.S.C. § 2302(b)(9)(A)(i); PFR File,

---

[6] Because the 3-day suspension was both proposed and imposed after she filed her complaint with OSC, IAF, Tab 3 at 3, 15, the appellant likely updated the complaint.

Tab 2 at 8.  We find that she did not present any proof that she had exhausted this particular matter with OSC.[7]  *See* 5 U.S.C. § 1214(a)(3).

Protected Disclosures

¶10    To establish the Board's jurisdiction over an IRA appeal, an appellant must nonfrivolously allege that she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8).  A whistleblowing "disclosure" is defined as:

> a formal or informal communication or transmission, but does not include a communication concerning policy decisions that lawfully exercise discretionary authority unless the employee or applicant providing the disclosure reasonably believes that the disclosure evidences –
>
> (i) any violation of any law, rule, or regulation; or
>
> (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

5 U.S.C. § 2302(a)(2)(D); *see* 5 U.S.C. § 2302(b)(8).  To establish the Board's jurisdiction over an IRA appeal, a whistleblower need not prove that the matter she disclosed actually established any of the conditions, such as gross mismanagement, described in section 2302(b)(8).  Instead, she must make a nonfrivolous allegation that the matter she disclosed was one that a reasonable person in her position would believe evidenced any of these conditions.  *Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 12 (2003).  The test to determine whether the appellant had a reasonable belief that her disclosure evidenced any of the types of wrongdoing identified in 5 U.S.C. § 2302(b)(8) is whether a "disinterested observer with knowledge of the essential facts known to and readily ascertainable

---

[7] Even if she had exhausted with OSC a claim of reprisal under 5 U.S.C. § 2302(b)(9)(A)(i), we find that she also failed to nonfrivolously allege that agency officials knew at the time they proposed the suspension, or even when they issued the suspension on August 21, 2015, IAF, Tab 3 at 3, that she had filed an OSC complaint or that the complaint was a contributing factor in the agency's decision to suspend her.

by the employee [could] reasonably conclude that the actions of the government evidence[d]" such wrongdoing. *Applewhite*, 94 M.S.P.R. 300, ¶ 12. (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)).

¶11 The appellant alleged that she reported that Captain J.A., her first-line supervisor, and Captain C.H., her second-line supervisor, violated the merit system principles in a number of instances. IAF, Tab 3 at 7-8; *see* 5 U.S.C. § 2301(b). She specifically claimed that she reported that she was subject to a hostile work environment based on her color and an unspecified disability; she performed the work of multiple positions, but did not receive commensurate pay and appropriate incentives for excellent performance (while others were so rewarded); the agency did not seek to retain her on the basis of adequate performance (including the agency's failure to reward her performance of multiple positions, her receipt of a doctoral degree, and her long-term institutional knowledge); and she was subject to arbitrary and capricious personnel actions and reprisal. IAF, Tab 2 at 4-6, Tab 3 at 8-10; RAF, Tab 15 at 4-8. Additionally, she alleged that the agency failed to classify her position correctly so that she was "responsible for doing eight different jobs." IAF, Tab 2 at 4-5, Tab 3 at 8-9; RAF, Tab 15 at 6-7; PFR File, Tab 2 at 8. She also alleged that management's various abuses of authority started in April 2014. RAF, Tab 15 at 6.

¶12 A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id.* Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015).

¶13     The allegations the appellant exhausted with OSC are insufficient to support a finding that the Board may exercise jurisdiction. Nowhere in the record did the appellant specify the persons to whom she disclosed the above matters or when she disclosed these matters. The only item in the record that supports her allegation of having made protected disclosures is a self-generated list of disclosures and personnel actions that she submitted with her written response to a notice of proposed suspension and with her petition for appeal. IAF, Tab 2 at 4-6, Tab 3 at 8-10. In that unsworn document, she listed violations of the merit system principles that she allegedly disclosed and why she believed that the agency violated those principles. IAF, Tab 2 at 4-6, Tab 3 at 8-10. She did not, however, identify any specific disclosures made to named individuals at specific times. Additionally, she did not submit any sworn statement or other evidence in support of her allegations. The appellant thus failed to nonfrivolously allege that she made protected disclosures pursuant to 5 U.S.C. § 2302(b)(8).

Contributing Factor

¶14     To establish the Board's jurisdiction, an appellant also must nonfrivolously allege that a protected disclosure or activity was a contributing factor in the decision to take or fail to take, or threaten to take or fail to take, a personnel action against her. *Yunus*, 242 F.3d at 1371. To satisfy the contributing factor criterion at the jurisdictional stage of the case, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure was one factor that tended to affect a personnel action in any way. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel

action.  5 U.S.C. § 1221(e)(1); *Sherman*, 122 M.S.P.R. 644, ¶ 8.  There are other ways to allege contributing factor as well.  The Board then will consider any relevant evidence on the contributing factor question, including the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing or activity was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate.  *Powers v. Department of the Navy*, 97 M.S.P.R. 554, ¶ 22 (2004).  The whistleblower also may show that the official accused of taking retaliatory action had imputed knowledge of the protected disclosure or activity by showing that individuals with actual knowledge of it influenced the official's action.  *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 22 (2010).

¶15        Personnel actions are enumerated in 5 U.S.C. § 2302(a)(2), and include the following actions:  appointments;  promotions;  actions taken under  5 U.S.C. chapter 75 and other disciplinary or corrective actions;  details, transfers, or reassignments; reinstatements; restoration to duty; reemployment; performance evaluations; decisions concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to a personnel action; decisions to order psychiatric testing or examination; implementation or enforcement of any nondisclosure policy, form, or agreement; and any other significant change in duties, responsibilities, or working conditions.

¶16        The record shows that the agency imposed a 3-day suspension for failure to prepare in a timely manner the minutes for a meeting she attended.  IAF, Tab 3 at 3-6, 15-19, 21-22.  The agency proposed the suspension on July 16, 2015, and issued it on August 21, 2015.  *Id.* at 3, 15.  Without submitting any additional information or supporting evidence, the appellant asserts that another employee, D.A., similarly submitted untimely work on 11 occasions, but was never disciplined.  *Id.* at 7, 20; RAF, Tab 15 at 7.  The record also includes a May 21, 2015 letter of reprimand for failure to follow proper leave requesting procedures, and it documents that she received a February 27, 2015 letter of

caution related to a request for Family and Medical Leave.  IAF, Tab 3 at 4, 7, 12-14.  The appellant thus nonfrivolously alleged that she was suspended, received a letter of reprimand and a letter of caution, and arguably, that she was denied advanced sick leave.

¶17    In the unsworn list of disclosures and personnel actions referenced above and in her unsworn jurisdictional response, the appellant alleged additional personnel actions, including an inaccurate rating, denial of performance awards, and an increase in her workload or failure to classify her position properly.  *Id.* at 8-10; RAF, Tab 15.  These documents, however, are unsworn.  Minutes from a April 23, 2014 meeting reflecting her assignment as meeting recorder partially document an increase in her workload, IAF, Tab 3 at 11, though they do not support an allegation that she was assigned to perform the duties of several positions, *id.* at 8-9.  The appellant likewise provided no detailed information or evidence regarding her allegedly inaccurate performance rating or the specific awards she was denied.  At most, she nonfrivolously alleged she was assigned to prepare minutes for a committee meeting she regularly attended.

¶18    In her jurisdictional response, the appellant also refers to internal investigations dated October 8, 2015, and December 14, 2015.  RAF, Tab 15 at 15.  Although employee investigations are not generally personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A), it is proper to consider evidence regarding an investigation if it is so closely related to an alleged personnel action that it could have been a pretext for gathering information to retaliate for whistleblowing.  5 U.S.C. § 2302(a)(2); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 21 (2013).  The appellant has not identified any specific personnel actions associated with the October and December 2015 investigations, and, indeed, the investigations *followed* the personnel actions she

alleged. There is also no evidence she updated her OSC complaint to raise this matter.[8]

¶19     Although the appellant nonfrivolously alleged that the agency took certain personnel actions against her, she failed to nonfrivolously allege that she made protected disclosures under 5 U.S.C. § 2302(b)(8), or that her alleged disclosures contributed to the personnel actions taken against her. She failed to allege, for example, that agency officials knew about her protected disclosures when they took the personnel actions against her. Although OSC's March 8, 2016 close-out letter establishes that she exhausted her administrative remedies for some of her claims, it adds nothing that would change the administrative judge's finding that she failed to meet her jurisdictional burden. ID at 5, 6-7. It does not justify granting the petition for review. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). We thus affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S Court of Appeals for the Federal Circuit.

---

[8] The appellant additionally alleged that the agency violated various antidiscrimination laws, the Fair Labor Standards Act, her union's collective bargaining agreement, regulations pertaining to Office of Workers' Compensation Programs benefits, and guidelines pertaining to OSC. IAF, Tab 2 at 4-6, Tab 3 at 7-10; RAF, Tab 15 at 4, 8. It is unclear whether these are additional allegations or relate to the disclosures and personnel actions she alleged and exhausted with OSC. She also reported that she has filed equal employment opportunity complaints for reprisal, retaliation, harassment, and discrimination based on disability and race and that she suffers from serious health conditions (migraines and high blood pressure) as a result of the treatment she received from agency officials. RAF, Tab 15 at 4-5.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about

other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.